# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN FRANKLIN,
185570

          Plaintiff,          Case Number: 2:11-CV-12483

v.          HONORABLE VICTORIA A. ROBERTS

WILLIAM FEDERSPIEL and SAGINAW
COUNTY,

          Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Brian Franklin is confined at the Saginaw County Jail in Saginaw, Michigan. He filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff proceeds without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). His claims concern an alleged delay in medical care during his incarceration at the Saginaw County Jail and he seeks monetary relief.

The complaint is dismissed for failure to state a claim upon which relief may be granted.

## I.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it decides the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.

Plaintiff alleges that, on April 17, 2011, he tripped over a floor bunk while incarcerated at the Saginaw County Jail, injuring his ankle. Plaintiff claims that he had to send twenty-four requests for attention to medical staff before he was finally seen. When finally seen by medical personnel, x-rays were not ordered. After approximately one month, x-rays were taken and revealed that Plaintiff had a broken ankle.

Plaintiff's claims against William Federspiel, the Saginaw County Sheriff, fail to state a claim upon which relief may be granted. Plaintiff makes no specific allegations against Federspiel and appears to be basing his allegations on the actions of medical staff. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Plaintiff fails to allege any specific conduct by Federspiel that would support a

finding that Federspiel directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Plaintiff fails to state a claims against Federspiel.

The other named defendant is Saginaw County. Plaintiff makes no specific allegations against Saginaw County. The County is named as a party, but not mentioned in any other capacity. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g ., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir.2003).

Because Plaintiff fails to make specific allegations against Saginaw County, he falls short of the minimal pleading standards, and fails to state a claim upon which relief may be granted.

**III.**

Based upon the foregoing analysis, the Court concludes that Plaintiff failed to state claims upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES WITH PREJUDICE the complaint.  The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 25, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Brian Franklin by electronic means or U.S. Mail on July 25, 2011.
>
> s/Carol A. Pinegar
> Deputy Clerk